IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JERRY WALKER, | Civ. No. 6:22-cv-01402-MK |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Defendant. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Jerry Walker filed a Plaintiff Petition for Preliminary Injunction on September 16, 2022. ECF No. 1. Plaintiff's filing was accompanied by an application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a "Plaintiff Petition to File *Pro Se*," ECF No. 3. The Petition, which the Court interprets as an emergency motion for a temporary restraining order ("TRO"), is not accompanied by a complaint or other operative pleading.

For the reasons set forth below, Plaintiff's Petition is DENIED with leave to renew following the filing of a complaint this case. The Court will also defer ruling on Plaintiff's IFP petition pending submission of a complaint. Plaintiff shall have thirty (30) days in which to file a complaint in this action. Failure to do so will result in dismissal without further notice.

## LEGAL STANDARDS

"In deciding whether to grant a motion for a temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test, which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing of one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## DISCUSSION

Plaintiff bring this Petition seeking "a preliminary injunction against (O)DHS to prohibit theft of personal finances and property through abuse of process." Pet. ¶ 1. The Petition references a prior action filed by Plaintiff, *Walker v. American Red Cross et al.*, 6:20-cv-01755-MK, however the Court notes that Defendant DHS is not a named party in that action. *Id.* at ¶ 2. Plaintiff also appears to reference a state court eviction case, 22LT10269. *Id.* at 8.

Plaintiff's Petition must be denied for at least two reasons. First, in the absence of an operative complaint describing Plaintiff's claims, the Court cannot assess the likelihood of success on the merits.

Second, to the extent that the Petition was intended as a pleading, it appears that Plaintiff intends to assert a civil rights claim against DHS pursuant to 42 U.S.C. § 1983. If that is the case, then DHS is entitled to sovereign immunity as an arm of the State of Oregon. The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived its immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). It is well settled that a state agency is similarly entitled to sovereign immunity from suit. *P. R. Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 144 (1993). Congress has not abrogated state sovereign immunity in 42 U.S.C. § 1983. *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). The Court therefore concludes that Plaintiff has

failed to state a claim against DHS because the agency is both immune from suit under § 1983 and not a proper defendant for claims brought under that statute.

In light of the deficiencies described above, the Court concludes that Plaintiff's Petition must be DENIED. Under the circumstances, the Court denies the petition with leave to renew after the filing of an operative complaint and the Court defers ruling on Plaintiff's IFP petition pending submission of the complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's Petition for Preliminary Injunction, ECF No. 1, is DENIED with leave to renew after the filing of a complaint in this action. Plaintiff shall have thirty (30) days from the date of this Order in which to file a complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice. The Court will defer ruling on Plaintiffs' IFP petition, ECF No. 2, pending submission of a complaint.

It is so ORDERED and DATED this ___19th___ day of September 2022.

                                    /s/Ann Aiken
                                    ANN AIKEN
                                    United States District Judge